

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEMSTAR DEVELOPMENT CORPORATION PATENT LITIGATION | MDL-1274-WBH<br><br>RELATED TO<br>CIVIL ACTION FILE<br><br>No. 1:98-CV-3477-WBH (MDL)<br>No. 1:99-CV-1242-WBH (MDL)<br>No. 1:99-CV-1258-WBH (MDL)<br>No. 1:01-CV-2426-WBH (MDL)<br>No. 1:02-CV-3142-WBH (MDL) |

## ORDER

Before the Court are Gemstar's motions for contempt [743-1] and for a round of supplementary expert discovery [743-2].

## DISCUSSION

### *Gemstar's motion for contempt*

On January 8, 2003, Gemstar served S-A with a Rule 30(b)(6) deposition notice ("the Notice") that contained sixteen topics relating to the operation of S-A's 8600X set-top product.[1] The first two topics in the Notice were broad, catch-all topics:

**Topic 1**: The design, structure, function, content, and operation of the hardware, including components thereof, of Scientific-Atlanta's 8600X set-top box.

**Topic 2**: The design, structure, function, content, and operation of S-A software including subroutines, functions, and header files concerning Scientific-Atlanta's 8600X set-top box.



---

[1] A copy of the Notice is attached to docket number 747 at Exhibit B.

The other fourteen topics listed in the Notice were more specific. S-A refused to designate a witness in response to the Notice, claiming that it was duplicative of previous testimony. Faced with S-A's refusal to designate a 30(b)(6) witness, Gemstar filed a motion to compel, arguing that the Notice focused on narrow topics that had never been asked of any S-A witness. The Court granted the motion on July 28, 2003, finding that S-A's previously designated 30(b)(6) witnesses had been unable to answer certain technical questions about the 8600X products, and noting that the topics sought in the Notice were directed at a more detailed, technical level of operation of the 8600X set-top box. The Court concluded that "Gemstar should be allowed to ask questions that have not previously been asked or answered concerning the narrow topics set forth in the Notice."

Following that Order, Gemstar took the position that the Court had authorized it to propound questions related to virtually every hardware and software aspect of the 8600X product and demanded that S-A provide a witness prepared to discuss all aspects of the 8600X. S-A disagreed with Gemstar's interpretation of the Order and contended that Gemstar was not allowed to question its witness on Topics 1 and 2 of the Notice because these topics were broad, catch-all topics, rather than "narrow topics" described by the Court. As a result of the dispute, Gemstar filed the present motion for contempt, arguing that because the Court did not specifically exempt Topics 1 and 2 of the Notice from its Order, the Court necessarily intended that S-A be required to produce a witness to testify on every topic listed in the Notice, including the broad catch-all topics.

Having reviewed the arguments of the parties, it appears that clarification of the July 28, 2003 Order is necessary, and that an order of contempt clearly would be inappropriate.

The July 28, 2003 Order is hereby clarified as follows: Gemstar will be permitted to ask technical questions about the 8600X products, but the questions shall be limited to (1) those which previous S-A witnesses have been unable to answer; and (2) those which have never been asked of any S-A 30(b)(6) witness <u>and</u> which relate to Topics 3 through 16 of the Notice.

### *Gemstar's request to re-depose Greg Durden*

On June 18, 2003, the Court adopted the Special Master's recommended claim constructions on the Levine '713 and '068 patents. Pursuant to the Court's scheduling Orders, S-A filed its motions for summary judgment of non-infringement thirty days later, on July 18, 2003.[2] In connection with its motions, S-A filed a declaration of Greg Durden, one of S-A's fact witnesses who has already provided ten days of deposition testimony in this case. The declaration sets forth the basic facts upon which S-A's motions rest, and summarizes evidence that is already in the record.

Gemstar claims that in his declaration, Mr. Durden has stepped outside the realm of fact witness into that of an expert by providing expert opinions on the application of the claim construction to summary judgment issues. For example, Mr. Durden discusses whether certain devices are "connected" and whether the devices perform a "step-by-step selection" of a displayed program entry. Gemstar argues that it is entitled to question Mr. Durden on the issues raised by his declaration. S-A responds that although Mr. Durden is extremely knowledgeable about the workings of the S-A products, S-A has never offered Mr. Durden as an expert witness, and he has provided no expert opinion in his declaration.

---

[2] Gemstar has not responded to the summary judgment motions, instead choosing to await a ruling on this motion.

3

Because S-A has represented to the Court that it has no intention of using Mr. Durden as an expert witness or of passing off his testimony as that of an expert, the Court sees no reason to subject Mr. Durden to yet another deposition. Gemstar, however, may raise its objections to any portion of the declaration when it responds to S-A's motions for summary judgment, and the Court will consider such objections, if any, at that time.

### *Gemstar's motion for a round of supplementary expert discovery*

Finally, Gemstar asks the Court to order another round of expert discovery. Gemstar points out that all of the expert witnesses reserved the right to modify their opinions based on any differences between the final claim constructions and the assumptions used in their reports. Because the final claim construction adopted by the Court differs from the positions that the experts have taken, Gemstar contends that a round of supplementary expert discovery must take place before summary judgment motions and responses are filed. S-A responds, and the Court agrees, that Gemstar's request is squarely at odds with the Court's scheduling Orders regarding expert discovery and dispositive motions. In drafting those Orders, the Court accepted the input of all the parties, including Gemstar, which never suggested that additional expert discovery might be necessary after the issuance of the final claim construction Order. The Court is unwilling at this late stage of the litigation to revamp the guidelines for expert discovery and allow further delay in the resolution of the dispositive motions. Gemstar's request for a round of supplementary expert discovery, therefore, is denied.

### CONCLUSION

For the reasons set forth above, Gemstar's motion for contempt [743-1] is DENIED. Gemstar's request for a round of supplementary expert discovery [743-2] is also DENIED.

Gemstar's responses to S-A's pending motions for summary judgement are due on Friday, February 6, 2004.

It is so ORDERED this 22 day of January, 2004.

_____
Willis B. Hunt, Jr.
Judge, United States District Court